# United States Court of Appeals

### For the Eighth Circuit

_____

No. 14-3326

_____

Marie Womack

*Plaintiff - Appellant*

v.

Paul Bradshaw; Howell County, Missouri

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: June 10, 2015
Filed: July 24, 2015
[Unpublished]

_____

Before GRUENDER, MELLOY, and BENTON, Circuit Judges.

_____

PER CURIAM.

This appeal asks whether Sergeant Paul Bradshaw can be liable for pushing Marie Womack to the ground while she resisted arrest. The district court[1] granted summary judgment to Sergeant Bradshaw based on qualified immunity. We affirm.

Womack's blood alcohol content was over three times the legal limit when a sheriff's deputy pulled her over one night in April 2012. He handcuffed her and put her in the back of his cruiser. She later got out. Sergeant Bradshaw, the other officer present, told her to get back in the cruiser and tried to guide her back through the open door. Womack refused and kicked the door shut, touching or kicking Sergeant Bradshaw in the process. Sergeant Bradshaw then took her to the ground, fracturing her jaw. Sergeant Bradshaw's dashcam recorded the takedown. *See Scott v. Harris*, 550 U.S. 372, 378-80 (2007).

Reviewing *de novo*, we agree with the district court that Bradshaw is entitled to qualified immunity. *See Blazek v. City of Iowa City*, 761 F.3d 920, 923-25 (8th Cir. 2014). Qualified immunity is appropriate "unless (1) the evidence, viewed in the light most favorable to [Womack], establishes a violation of a constitutional or statutory right, and (2) the right was clearly established at the time of the violation, such that a reasonable official would have known that his actions were unlawful." *See id.* at 922-23. Whether an officer's use of force is reasonable, and thus constitutional, depends on the totality of the circumstances, including the threat that the suspect poses, the severity of the crime at issue, and whether the suspect is actively resisting arrest or attempting to flee. *Johnson v. Carroll*, 658 F.3d 819, 825-26 (8th Cir. 2011).

The district court concluded that Womack's claim failed both prongs of the qualified-immunity test. As Womack's arguments on appeal have not refuted the court's analysis, we agree that any right that Sergeant Bradshaw may have violated was not clearly established in April 2012. Though Womack was not a serious threat

---

[1]The Honorable David Gregory Kays, Chief Judge, United States District Court for the Western District of Missouri.

and though her crime was a misdemeanor, she was on a road in the middle of the night, forcibly, aggressively, and drunkenly resisting arrest. Her reliance on *Meirthew v. Amore*, 417 F. App'x 494 (6th Cir. 2011), is misplaced. Not only is *Meirthew* distinguishable—it involved a suspect surrounded by officers at a police station, *id.* at 497—but as an unpublished case, it "provides little, if any, support for imposing liability based on clearly established law," *Blazek*, 761 F.3d at 925 n.3. Rather, the controlling case is *Blazek*, in which we considered the takedown of a suspect whose conduct, under the totality of the circumstances, was less serious than Womack's. *See id.* at 921-25. Blazek was not materially more threatening than Womack, had not obviously committed a crime, and was not forcibly resisting arrest. *See id.* at 921-22. He was at home in the evening, wearing only a towel, when two officers took him down to cuff him. *Id.* And we held that, in 2009, this takedown was not clearly established as unconstitutionally excessive. *Id.* at 924. Womack's more serious conduct, including forcibly resisting arrest, prompted Sergeant Bradshaw's takedown, and Womack cites no intervening cases showing that such a takedown violates the Fourth Amendment. Accordingly, the use of force here also was not clearly established as excessive.

We affirm the grant of summary judgment. *See* 8th Cir. R. 47B.

_____